UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLUEBIRD DRIVE, LLC,

               *Plaintiff,*

– against –

CHRISTOPHER OBANDO, *et al.,*

               *Defendants.*

**MEMORANDUM & ORDER**
24-cv-08553 (NCM) (PK)

**NATASHA C. MERLE,** United States District Judge:

On December 13, 2024, Christopher Obando and Paul Vassel, each proceeding *pro se* and purporting to act on behalf of themselves and unidentified defendants in the state court action, filed this notice seeking to remove a civil proceeding filed on November 6, 2024 in the Supreme Court of the State of New York, County of Queens under Index No. 723573/2024. *See generally* ECF No. 1. Obando paid the filing fee to commence this action. *See* ECF No. 2. For the reasons set forth below, the action is remanded to the Supreme Court of the State of New York, County of Queens, pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

The Notice of Removal seeks to remove a holdover eviction proceeding involving premises located at 94-72 Alstyne Avenue, Elmhurst, New York under Index No. 723573/2024. *See* Pl.'s Mot. for Pre Mot. Conference, Exhibit A ("Complaint"), ECF No.

5-1.[1] The Notice claims that the "above-referenced action alleges, among other things, that Defendants' conduct [is] in violation of the laws and Constitution of the United States." ECF 1 at 2.[2] The Notice does not attach the complaint from the holdover action, but it does attach an undated document entitled "Verified Answer" and "Cross-Claim" ("Answer"), listing Index No. 723573/2024. *Id.* at 4. The Notice and Answer are signed by both Vassel, who claims to be the "Mr. P" referenced in the caption of the Notice, and Obando. *Id.* at 3, 7, 8, 23.

The Answer identifies entities and individuals that it calls "Defendants," as Bluebird Drive, LLC, Alex Liang, Peter Allan Kolodny, Tanya Hobson-Williams, David Ferguson, Stephanie Stutman Goldstone, Wyatt Gibbons, and Sergio Villaverde. *Id.* at 4, 9. Only one of these, Bluebird, is listed in the Notice as a state court plaintiff in the holdover action. The other named individuals do not appear to be parties in the underlying holdover action, but some are the same defendants named in a previous civil action filed by Obando in this Court, *Obando v. Hobson-Williams*, No. 23–cv–05860, 2023 WL 5718116 (E.D.N.Y. Sept. 5, 2023) (dismissing complaint without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction), slip op. (E.D.N.Y. Oct. 17, 2023) (dismissing complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction).

---

[1] The Court, "in determining removability, may consider documents appended to a notice of removal or a motion to remand that convey information essential to the courts' jurisdictional analysis." *Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*, 522 F. Supp. 3d 4, 7 (S.D.N.Y. 2021) (quoting *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010)). The following facts are drawn from the Complaint and the parties' other filings.

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

The Answer asserts that "Defendants" had "the intent, aim and goal of taking Plaintiff's home and property by denying him due process and other rights." ECF No. 1 at 7. It appears that "Plaintiff" as used in this context refers to Obando. The Answer seeks damages and a declaratory judgment finding that the "Defendants" conspired to "commit[] fraud, elder abuse, theft of property and to steal the inheritance of [Obando], denial of due process, [and] violations of Constitution[ally] protected rights." *Id.* at 10. These allegations are nearly identical to those raised in Obando's prior federal action involving his family members, guardianship, and real property. *See Hobson-Williams*, slip op. at 1–3.

On January 24, 2025, Bluebird filed a letter indicating its intention to file a motion to remand. *See* ECF No. 5. The submission was accompanied by the Complaint—which Obando and Vassel had failed to attach to the Notice—along with other documents reflecting legal proceedings relevant to the case. *See* ECF Nos. 5-1, 5-2, 5-3. Additionally, on January 27, 2025, Justice Gibbons filed a letter indicating his intention to file a motion to dismiss for failure to state a claim.[3] *See* ECF No. 9.

## DISCUSSION

A defendant may remove from state to federal court any civil action over which the federal court has original jurisdiction, 28 U.S.C. § 1441(a), within 30 days of receiving the initial pleading or "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §

---

3   The Honorable Wyatt N. Gibbons is a justice of the New York State Supreme Court, Queens County, Guardianship Part. *See* https://iapps.courts.state.ny.us/judicialdirectory/JudicialDirectory?3 (last visited 03/03/25). The court dismissed Obando's claims against Gibbons in his prior lawsuit because Judge Gibbons is entitled to judicial immunity. *See Hobson-Williams*, slip op. at 5–6.

3

1446(b)(3). The defendant seeking removal "shall file . . . a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).[4] A claim may only be removed to federal court if it could have been filed in federal court at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998). Courts "must police subject matter jurisdiction on their own initiative." *Shakour v. Fed. Republic of Ger.*, 199 F. Supp. 2d 8, 12 (E.D.N.Y. 2002). Federal courts have limited subject matter jurisdiction, restricting the types of cases they can hear. *See Funk v. Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017). There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331; and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant lives in the same state as the plaintiff, *see* 28 U.S.C. § 1332.

It is well-settled that the party asserting federal jurisdiction "bears the burden of establishing jurisdiction," which it must do "by a preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019). However, a "federal law issue raised by a defendant's counterclaim is not a foundation for removal of a case from state to federal court." *Arslan v. Sunnyside Realty Corp.*, No. 07–cv–01825, 2007 WL 1350438, at *2 (E.D.N.Y. Sept. 7, 2007). Further, assertions of federal statutory claims in response to the state court proceeding are

---

[4] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

insufficient to invoke the federal court's jurisdiction where original jurisdiction is lacking. *See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) ("Under the well-pleaded complaint rule, a defendant generally may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law.") (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

Here, defendants' Notice fails to provide any basis for this Court's subject matter jurisdiction.

*First*, defendants cite 28 U.S.C. § 1331, ECF No 1. at 1, but fail to present a question of federal law. Citation of the statute without substance to support the Court's jurisdiction pursuant to the statute is inadequate. The Notice presents no facts by which the Court could find that Bluebird, the state court plaintiff, raised any federal claims in its original filing against Obando, Vassel, and the unnamed defendants in state court. *See Arslan*, 2007 WL 1350438, at *2 ("Federal courts do not have subject matter jurisdiction over state landlord-tenant matters involving eviction proceedings.").

*Next*, defendants' conclusory "cross-claims" for due process and Constitutional violations cannot confer federal jurisdiction when raised as a defense, rather than in the complaint of the underlying proceeding. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").

*Last*, defendants' reference to 28 U.S.C. § 1332 is similarly unavailing because they have failed to demonstrate complete diversity of citizenship of the parties. The Complaint and Answer indicate that both Obando and Vassel are citizens of New York, and Bluebird is a limited liability corporation organized in New York. ECF No. 1 at 8–9; *see also*

Complaint, ECF No. 5-1 at 3–4. This is fatal to defendants' allegation of diversity of citizenship as a basis for this Court's jurisdiction. Moreover, defendants do not "identify the members" of Bluebird, or otherwise identify "the citizenship of [its] members," a failure "on its face to plead diversity of citizenship." *Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) (summary order).

Since defendants have filed to establish either a question of federal law or diversity jurisdiction, the Court does not have subject matter jurisdiction over the original state court pleading. Accordingly, the action must be remanded to state court. 28 U.S.C. § 1447(c).

## CONCLUSION

For these reasons, removal of the Queens County case under Index No. 723573/2024 to this Court is improper, and the Court hereby remands the action to the Supreme Court of the State of New York, County of Queens, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Queens, and to mail copies of this Order to Christopher Obando and Paul Vassel at the addresses provided at ECF No. 1 at 8 and to close the case in this Court.

**SO ORDERED.**

                                             /s/ *Natasha C. Merle*
                                             NATASHA C. MERLE
                                             United States District Judge

Dated: Brooklyn, New York
       March 3, 2025